## Case No. 5,848.

### GROW v. BALLARD et al.

[2 N. B. R. 194 (Quarto, 69); [1] 1 Am. Law T.
Rep. Bankr. 111.]

District Court, D. California. Oct., 1868.

BANKRUPTCY—ASSIGNMENT BY INSOLVENT—EX-
EMPTION.

An assignment by an insolvent of all his prop-
erty for the benefit of preferred creditors is an
act of bankruptcy. Where property of an in-
solvent was assigned to the creditors with fraud-
ulent preference, *held*, in an action brought by
the assignee in bankruptcy to recover said prop-
erty, that the value of property exempt from exe-
cution must be deducted, and judgment entered
up for remainder.

[Cited in Graham v. Stark, Case No. 5,676;
Re Marter, Id. 9,143.]

HOFFMAN, District Judge. This is an ac-
tion by the assignee in bankruptcy to recover
the value of certain goods, alleged to have
been conveyed by the bankrupt to the de-
fendants, contrary to the provisions of the
bankrupt act. The bankrupt had, in the year
1866 and 1867, become indebted to the defend-
ants, commission merchants in this city, for
advances made to enable him to carry on
his farming operations. To secure these ad-
vances he had executed two promissory notes,
and had also consigned to them his crop to
be applied in satisfaction of notes. After the
crop had been sold the bankrupt gave an or-
der on the defendants for the sum of ——
dollars. It happened that the partner with
whom the business had chiefly been conduct-
ed was out of town when the order was pre-
sented. The other partner, forgetting for the
moment the existence of the notes, merely
referred to his accounts of the sales of the
crop, and finding there was a balance still
due the bankrupt, sufficient to meet the order,
paid it. The next morning he discovered his
mistake, and at once demanded a return of
the money. This was refused by the party
who had received it, and the bankrupt, at a
demand of the creditor, thereupon executed
an assignment or bill of sale of all his proper-
ty, even including farming utensils and other
property exempt from execution.

The question presented is: Is the transfer
void under the bankrupt law? Under the
bankrupt act of 1841 [5 Stat. 440], the general
rule was that a transfer was not void as a
fraudulent preference where it was not volun-
tary, but was procured by the pressure of the
creditor, or by measures taken by him for
the enforcement of his debt. 3 Hil. Bankr.
342; 2 Smith. Merc. Law, 481. Even if an act
of bankruptcy be contemplated, yet if at the
instance, and on the application of the cred-
itor, he makes payment or assigns property,
such payment or assignment is valid as
against the assignees of the bankrupt. (Spen-
cer, J.) Phoenix v. Ingraham, 5 Johns. 428;
Ashby v. Steere [Case No. 576]. The authori-
ties, however, were not unanimous, for in

1 [Reprinted from 2 N. B. R. 194 (Quarto,
69), by permission.]

Atkinson v. Farmer's Bank [Id. 609], it was
held that a preference, in contemplation of
bankruptcy, is no less an act of bankrupt-
cy because he yielded to the threats and coer-
cion of the creditor. But it seems to have
been unquestioned that an assignment to a
creditor, with notice of an act of bankruptcy
already committed, is as void under the Eng-
lish as our own bankrupt laws, and the title
of the assignee in bankruptcy related back to
the date of the act of bankruptcy. In Shaw-
han v. Wherritt, 7 How. [48 U. S.] 641, it was
held by the supreme court of the United
States that a lien acquired by decree of a
state court, in a suit instituted after the no-
tice of an act of bankruptcy committed by a
merchant, was invalid, and the party who
had received property of the bankrupt, or its
proceeds, under such decree must account to
the assignee therefor.

Both in England and America it is held that
a general assignment by an insolvent of all
his property for the benefit of preferred cred-
itors, is an act of bankruptcy, though made
without moral fraud and under the importuni-
ty of creditors. Ex parte Breneman [Case
No. 1,830]. In Worseley v. de Mattos, Lord
Mansfield observes: "A conveyance of a part
may be public, fair and honest, but a convey-
ance of all must either be fraudulently kept
secret or produce an immediate absolute
bankruptcy." 1 Burrows, 467, 468. And in
Wilson v. Day, 2 Burrows, 827, the same
judge says: "This deed is an act of bankrupt-
cy itself. It defeats the whole bankrupt law;
nothing remains for the creditors in any
shape, but his whole estate is put into the
hands of his own trustees; therefore, of
course, he is a bankrupt the moment he has
executed the deed, for there is nothing at
all left for his creditors. See Avery & H.
Bankr. Law, 261, and cases cited. See, too,
7 East, 138; 1 W. Bl. 441; 7 Scott, N. R. 900.
Even an assignment by trustees of one's
whole estate for the purpose of equal distri-
bution among all the creditors would, under
our recent act, be held void, for it would be
an attempt to substitute the trustee selected
by the bankrupt for the assignee contemplat-
ed by the act, and the conveyance would be
made with a view to prevent the property
from coming to the assignee in bankruptcy,
and to prevent the same from being distrib-
uted under the bankrupt act." 4 East, 230;
17 Ves. 139; Cowp. 123; 3 Esp. 229; 3 Scott,
N. R. 245.

In the case at bar the insolvency of the
debtor was, of course, known to the creditor,
who procured a transfer to himself of the
whole estate of the debtor. This, under the
authorities above cited, was an act of bank-
ruptcy per se, and was invalid under the Eng-
lish law, or under the act 1841. It was there-
fore, necessarily invalid under the act of 1867
[14 Stat. 517], which is far more stringent in
its provisions, and seems framed to deprive
an insolvent debtor of any right to give a
preference or to do any act which will prevent

the equal distribution of his property among all his creditors. Among the property transferred were several articles exempt from levy and sale on execution. As to these there could have been no intent to prevent them from coming "to the assignee or being distributed under the act," or any "design to hinder, delay, or impede the operation of the act," to give to one creditor what was the property of all. Being exempt from execution, they could not pass to the assignee, nor could their proceeds be distributed as assets, nor could any creditor have any claim to or interest in them. The value of these articles must, therefore, be deducted, but for the value of the remainder of the property a judgment must be entered.